**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Marie Pronovost,<br><br>        Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-12-01168-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's opening brief (doc. 11), the Commissioner's motion for remand for further administrative proceedings (doc. 14), and plaintiff's response (doc. 16).

**I**

Plaintiff applied for disability insurance benefits on April 11, 2008, alleging a disability onset date of May 31, 2005, due to bipolar disorder and depression. Following a hearing on November 23, 2010, the administrative law judge ("ALJ") issued a decision denying benefits. Although the ALJ found that plaintiff had attention deficit hyperactivity disorder, bipolar disorder, depression, and an anxiety disorder, he concluded that she retained the residual functional capacity ("RFC") to perform "light, unskilled work with a prohibition on crawling, crouching, climbing, squatting, or kneeling." Tr. 19-20. The ALJ also found that plaintiff could not perform her past relevant work as a medical insurance administrator,

1 but she could perform other work existing in the national economy, including the light jobs
2 of janitor, assembler, and quality control inspector, and the sedentary jobs of general office
3 clerk and assembler. Tr. 21. The ALJ concluded that the plaintiff is not disabled and
4 therefore not entitled to benefits. The Appeals Council denied plaintiff's request for review,
5 making the ALJ's decision the Commissioner's final decision for purposes of judicial review.
6 Plaintiff then filed this action pursuant to 42 U.S.C. § 405(g).

7 Plaintiff asserts in her opening brief that the ALJ erred by, among other things,
8 rejecting her symptom testimony in the absence of clear and convincing reasons for doing
9 so, by failing to consider her severe physical impairment of interstitial cystitis, and by
10 determining her RFC without any basis in the record.

11 The Commissioner concedes that the ALJ's decision is not properly supported by
12 substantial evidence, and moves to remand the matter for further administrative proceedings
13 pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner suggests that, upon
14 remand, the Appeals Council will vacate the final decision of the Commissioner and remand
15 the case back to an administrative law judge to further evaluate plaintiff's RFC, further
16 evaluate plaintiff's subjective complaints, and if necessary obtain vocational expert
17 testimony.

18 Plaintiff argues that because the ALJ failed to provide adequate reasons for rejecting
19 her subjective complaints of disabling symptoms, those complaints must be "credited as true"
20 and the case remanded for an immediate award of benefits. The only issue before us is
21 whether the case should be reversed and remanded for further proceedings or for an award
22 of benefits.

**II**

24 The Commissioner first concedes that the ALJ's residual functional capacity finding
25 is deficient. The ALJ found that plaintiff's mental impairments caused her to have moderate
26 difficulties in maintaining concentration, persistence, or pace, Tr. 18, but the ALJ's RFC
27 finding limited plaintiff to "unskilled work" without providing detailed functional limitations
28 as required by SSR 85-16 ("[A]ll limits on work-related activities resulting from the mental

- 2 -

1 impairment must be described in the mental RFC assessment."). The Commissioner also
2 concedes that the ALJ did not adequately address plaintiff's subjective complaints,
3 specifically noting that "the ALJ did not provide any specific reason for finding Plaintiff 'not
4 credible.'" Memo in Support of Remand at 3.

5 "When an ALJ's denial of benefits is not supported by the record, the proper course,
6 except in rare circumstances, is to remand to the agency for additional investigation or
7 explanation." Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (quotation omitted). We
8 will apply the credit-as-true rule to determine that a claimant is disabled and entitled to an
9 award of benefits only if there are no "outstanding issues [in the record] that must be
10 resolved" and "it is clear from the record that the ALJ would be required to find the claimant
11 disabled were [the improperly rejected] evidence credited." Harman v. Apfel, 211 F.3d
12 1172, 1178 (9th Cir. 2000). However, a "claimant is not entitled to benefits under the statute
13 unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be."
14 Strauss v. Comm'r, Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011). An award of
15 benefits is appropriate only if all factual issues have been resolved and the record supports
16 a finding of disability.

17 Here, there are identifiable issues to be resolved on remand, notably whether plaintiff
18 is disabled. Notwithstanding the ALJ's failure to provide adequate reasons for his findings
19 and conclusion, he did point to significant evidence in the record that would support a finding
20 of non-disability. Referencing plaintiff's own Adult Function Report, the ALJ noted that
21 plaintiff's activities of daily living and social functioning are mildly restricted "at most." Tr.
22 18. The ALJ also referred to statements by plaintiff's treating physicians indicating that her
23 bipolar disorder is "well-controlled" on medication, Tr. 271 ("mental status is better,"
24 "bipolar under control"); Tr. 273 (mental condition "seems well controlled on Abilify").
25 Because there are outstanding issues to be resolved, we deny plaintiff's request for an award
26 of benefits, and instead remand for further administrative proceedings.

27 **IT IS ORDERED GRANTING** the Commissioner's motion to remand (doc. 14).
28 **IT IS FURTHER ORDERED REVERSING** the decision of the Commissioner and

1  **REMANDING** the case under sentence four of 42 U.S.C. § 405(g) for further consideration
2  in accordance with this order. The clerk is directed to enter final judgment.
3      DATED this 15th day of March, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge