**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Melissa Marie Pronovost, | ) | No. CV-12-1168-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Carolyn W. Colvin, Acting Comm'r of the Social Security Admin., | ) | |
| Defendant. | ) | |

Before the court is plaintiff's motion for an award of attorney's fees (doc. 19) and memorandum in support (doc. 20), defendant's response (doc. 21), and plaintiff's reply (doc. 22).

This is a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act. Section 406(a) governs fees for representation of a Social Security claimant in administrative proceedings, and § 406(b) applies to fees for representation before a court. In contrast to fees awarded under fee-shifting statutes such as 42 U.S.C. § 1988, § 406(b) fees are not paid by the losing party but by the prevailing claimant out of the past-due benefits awarded. Gisbrecht v. Barnhart, 535 U.S. 789, 795, 122 S. Ct. 1817, 1822 (2002).

On March 15, 2013, we granted the Commissioner's motion to vacate the agency decision denying benefits and to remand the matter for further administrative proceedings (doc. 17). On remand, the administrative law judge granted plaintiff's application for

1 disability insurance benefits and awarded past and future benefits.

2 Pursuant to § 406(b), when a claimant obtains a favorable judgment under the Social
3 Security Act, "the court may determine and allow as part of its judgment a reasonable fee for
4 . . . representation [before the court], not in excess of 25 percent of the total of the past-due
5 benefits." Id. § 406(b)(1)(A). The award of attorney's fees must not only be within the 25%
6 maximum, but it must be "reasonable for the services rendered." Gisbrecht, 535 U.S. at 807,
7 122 S. Ct. at 1828. The court provides "an independent check" to ensure that contingency
8 fee agreements between Social Security claimants and their lawyers will "yield reasonable
9 results in particular cases." Id. Claimant's counsel bears the burden of showing that the
10 statutory requirement of reasonableness has been satisfied. Id.

11 Here, plaintiff retained counsel under a contingency fee agreement whereby plaintiff
12 agreed to pay counsel 25% of any past-due benefits recovered. Plaintiff's counsel now seeks
13 fees under § 406(b) in the amount of $31,707.50, representing 25% of the past due benefits
14 awarded. Because § 406(b) fees are payable out of the award of past-due benefits, the
15 Commissioner has no direct financial stake in the decision to award fees, and accordingly the
16 Commissioner declined to assert a position on either the propriety or the amount of the
17 requested fee (doc. 21).

18 We must "approach [a § 406(b)] fee determinations by looking first to the contingent-
19 fee agreement, then testing it for reasonableness." Gisbrecht, 535 U.S. 808, 122 S. Ct. at
20 1828. There is nothing inherently unreasonable in the 25% contingency-fee agreement
21 between plaintiff and her counsel. In fact, agreements providing for fees of 25% of past-due
22 benefits are the "most common fee arrangement between attorneys and Social Security
23 claimants." Id. at 800, 122 S. Ct. at 1824. Therefore, on its face, the fee agreement is
24 reasonable.

25 However, we must also test the resulting fee award for reasonableness under the
26 circumstances of the particular case. A fee resulting from a contingent-fee arrangement is
27 unreasonable and therefore subject to reduction by the court if the lawyer provided
28 substandard representation, delayed the case in order to increase the accrued amount of past-

1  due benefits, or, as is most relevant here, if the requested fee is "large in comparison to the
2  amount of time counsel spent on the case." Id. at 808, 122 S. Ct. at 1828.  Although "the
3  Supreme Court flatly rejected [the] lodestar approach" to § 406(b) fees, Crawford v. Astrue,
4  586 F.3d 1142, 1148 (9th Cir. 2009), we nonetheless will consider lodestar factors (hourly
5  rates and reasonable hours expended) in determining whether a requested § 406(b) fee is
6  reasonable in a particular case. Gisbrecht, 535 U.S. at 808, 122 S. Ct. at 1828-29.

7        Here, counsel expended 40.7 hours of work in the district court, resulting in an hourly
8  rate of $779.05.  We recognize that the equivalent hourly rate of a contingent fee is often
9  greater than a lodestar fee because the contingent fee method often compensates attorneys
10 for the risk undertaken in representing clients on a contingency basis. Crawford, 586 F.3d
11 at 1150.  But in this particular case, counsel did not assume a significant risk in accepting
12 representation given that the Commissioner readily acknowledged error and requested a
13 reversal and remand.

14       Unlike the lawyers in Crawford, plaintiff's counsel in this case did not voluntarily
15 reduce his fee request from the 25% contracted rate based on his own evaluation of the fees
16 sought in comparison to the amount of time spent on the case. See id. at 1151-52.  Instead,
17 counsel seeks the full 25% of past-due benefits awarded.  But under the circumstances of this
18 case, an hourly rate of almost $800 is excessive.  Given the minimal amount of work
19 performed or risk assumed by counsel in the district court proceedings, we conclude that an
20 award of fees in the amount of 10% of the past-due benefits, or $12,683.00 is reasonable
21 (resulting in an hourly rate of $311.62).

22       **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiff's
23 motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) and awarding fees in
24 the amount of $12,683.00 (doc. 19).

25       DATED this 22nd day of December, 2014.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge